SAMUEL MORRELL *versus* INHABITANTS OF DIXFIELD.

A surveyor of highways, who, after expending the assessments committed to him for the repair of the road, and finding the same to be insufficient, is directed by the selectmen to proceed in the work, and thereupon expends a further sum, has no remedy against the town for remuneration, *unless* such direction was in *writing.*

Conversation by the moderator and others, in town meeting, relating to a subject legally under its consideration, cannot be proved, as evidence against the town.

The plaintiff and another person made separate claims against a town, growing out of some connected transactions. The town voted to allow the plaintiff 700 dollars, provided the other person would accept $200 for his claim, which he refused to do. *Held,* the town had the right to affix the condition ; that it was not of that class which is void because impossible to be performed; and that it would not support an action for the plaintiff.

ASSUMPSIT, tried before TENNEY, J.

The plaintiff was surveyor of highways in Dixfield. A list of assessments upon certain of the inhabitants was committed to him, to be expended in the district assigned to him. In that district a bridge needed repairs. After expending upon it the amount of said assessments, he applied to the selectmen who *verbally* directed him to proceed with the work, which he accordingly did.

Compensation for the sums expended under that direction is claimed in this action. The suit also embraces other claims.

The facts will sufficiently appear in the opinion of the Court.

*G. F. Shepley,* for plaintiff.

The first ruling excepted to was wrong. The statute, c. 25, § 74, authorizing a surveyor to employ additional labor where the sum assessed is not sufficient to complete the repair of the ways within his limits, with the assent of the selectmen obtained in writing, is directory ; and their parol order may well be proved, after having approved the acts of the plaintiff in this regard, by drawing an order to pay him for extra labor, and for money expended and materials found and hired. *Kellar* v. *Savage,* 5 Shep. 444.

The second ruling was wrong. A surveyor of highways is

to exercise his best skill and judgment in the repair of roads in accordance with the wishes of the inhabitants of the town. These wishes are not required to be expressed in writing, or recorded.

But it may be shown by parol what they were, as expressed by the moderator of the meeting that appointed him surveyor, without having been contradicted but approved of by those present. Such exposition is a part of the *res gesta* and proper evidence from whence to draw a conclusion, whether or not plaintiff acted *bona fide* in the discharge of his duty. That he did, is shown by the acts and approval of Marrow, while the work was going on. *Knowlton v. No. 4,* 2 Shep. 20. Plaintiff's fault was in being too faithful to the interests of his town. No negligence is alleged against him, no want of honest intentions. While the work was progressing, no one supposed that he was exceeding his authority, if he did exceed it. *Thayer v. Boston,* 19 Pick. 511.

The town, by accepting and using the work, are liable. *Abbott v. Hermon,* 7 Greenl. 118; *Canal Bridge v. Gordon,* 1 Pick. 297.

But there is an express promise. The town voted to pay plaintiff $700 in full for his claim, and he accepted the offer. That was a binding agreement, irrevocable by the town. It makes no difference with the plaintiff, if the town, being indebted to him, (there being another claim held by a third person,) chose to offer this third person a sum of money also. There was no *condition* to be performed, and the plaintiff's claim became absolute, when he accepted the offer of the town. *Nelson v. Milford,* 7 Pick. 25; *Bancroft v. Lynn-field,* 18 Pick. 566; *Allen v. Taunton,* 19 Pick. 485; Co. Litt. 206, 207, a and b.

When Morrell paid Eustis for the stones taken *bona fide* from his soil, to be put in the abutments, the town became indebted to him at once for that amount, and having used it are liable to pay him the amount by him expended therefor.

*Walton,* for defendants.

SHEPLEY, C. J. — The plaintiff appears to have been a surveyor of highways for the year 1842, for the district called Webb's river in that town.   It became necessary to repair a bridge made across Webb's river in that district, and the plaintiff, as surveyor, built an abutment of stone and extended it on each side beyond the bounds of a road which had been used for forty years, thereby making the passageway on to the bridge wider, than it had before been.   The abutment appears also to have been so built, by its extension further into the river or otherwise, as to obstruct the passage of the water, more than it had formerly been, to the mills owned by Charles L. Eustis.   An action of trespass *quare clausum* was commenced by Eustis against the plaintiff to recover damages occasioned by these acts of the plaintiff.   There being no proof of the existence of a way, except the long continued use of it, the plaintiff was unable to make a successful defence, and Eustis recovered a judgment against him for damages and costs, which has been satisfied.   This action has been commenced against the town to recover the amount of damages, costs, and expenses paid and incurred on account of that suit.

Upon the proof introduced a nonsuit was ordered, and exceptions were taken to that order, and to the exclusion of certain testimony.

1. The plaintiff offered proof, that the abutment remained unfinished after the money assessed and committed to him had been expended, and that by verbal directions from the selectmen he hired persons to labor upon it; but it was excluded.

Provision is made by statute, c. 25, § 74, that when the sum appropriated is insufficient, " such surveyor, with the consent of the selectmen obtained in writing, may employ inhabitants of the town upon the repair of ways in his limits."

The former statute, c. 118, § 15, did not require, that the consent of the selectmen, or the major part of them, should be in writing.   Under the provisions of that statute no urgent necessity was considered sufficient to enable a surveyor to

recover for expenses thus incurred, without the consent of the selectmen, obtained as the statute required. *Haskell* v. *Knox*, 3 Greenl. 445 ; *Moor* v. *Cornville*, 2 Fairf. 367. The change in the language of the statute requiring the consent to be obtained in writing, was doubtless introduced to prevent any dispute respecting the fact, whether such consent had been obtained. It may also have been intended to protect the town against any inconsiderate action of the selectmen, and to make them more sensible of the responsibility incurred by giving such consent. The previous decisions are of authority still to show, that no action can be maintained by a surveyor without the consent of the selectmen, obtained in the manner prescribed by statute, to recover from the town compensation for such labor. The rights of the town cannot be affected by such employment of labor without its consent.

The argument is, that the town has received benefit from the labor thus performed, by the use of the abutment for the passage of its inhabitants, and should therefore be considered to have ratified the plaintiff's proceedings.

The town and its inhabitants were entitled to use the way as it was formerly made, and by the use of it, as it has since been made, they do not assert any right dependent upon the performance of that labor. It was decided, in the case of *Moor* v. *Cornville*, 13 Maine, 293, that the use of a bridge repaired by a surveyor by labor employed without the consent of the selectmen, would not authorize a recovery of the expense from the town. The testimony was properly excluded.

2. The testimony offered to prove, what was said by the moderator and by other inhabitants of the town in open town meeting, respecting the manner in which the abutment was to be built, was also properly excluded. If the town, in its corporate capacity, could be affected by such remarks, its most valuable rights might be subjected to the control of a small minority. Such remarks cannot be considered as parts of the *res gesta,* for they were not the remarks or declarations of the town, or of persons, for whose remarks it was in its corporate capacity responsible.

3. It is further insisted, that the acts of the plaintiff must be considered as ratified by the town by its paying him by an order drawn by the selectmen on February 29, 1844, for labor, for powder, and for the use of tackle, warps and blocks, to build the bridge. All this may have been appropriate and have been applied to build it without exhibiting any expenditure to make the abutment in a manner not authorized by law. It is only when payment is made in whole or in part of expenses known to have been unauthorized, that the acts, by which such expenses were incurred, can be considered as ratified.

4. At a town meeting holden on July 3, 1846, a vote was passed to pay the plaintiff " seven hundred dollars, provided C. L. Eustis accepts of two hundred dollars voted him on condition, and a final settlement is obtained."

The plaintiff made known his readiness to accept of that sum in full of his claims, but Eustis did not accept the two hundred dollars upon the conditions annexed, and no final settlement was effected.

It is said, that as the condition was one, which the plaintiff could not possibly perform, the engagement to pay became absolute upon the performance of such part of the condition, as he could perform.

It was not an impossible condition, not one, the performance of which was out of human power, and not therefore one which was void. Com. Dig. Condition, D. 1, 2.

Upon the legal testimony presented the action could not be maintained. It is therefore unnecessary to consider, whether the amendment was or was not properly allowed.

*Exceptions overruled.*