## Henry A. Keith & Co. v. The City of Du Quoin ex rel. S. G. Parks.

1. MUNICIPALITIES—*When Not to be Excused from the Performance of their Contracts.*—Where a municipal corporation in dealing with individuals assumes that it possesses certain corporate powers upon which the validity of its acts depends, when in fact it does not possess such powers, it is not thereby to be excused from the performance of its obligation, if it can be performed through the agency of other powers, which it does possess.

2. SAME—*When Not Limited by the Appropriation Bill—Contracts for the Construction of Water Works.*—Where a city in its annual appropriation bill appropriated, among other items of expenditures, the sum of $3,500 for "water works," and afterward passed an ordinance providing for the construction of a system of water works, pumping station, reservoir, etc., and entered into a contract with a party for such construction for the contract price of $13,486, *it was held* that the contract was authorized by other powers possessed by the city, notwithstanding the contract price exceeded the amount of the appropriation.

Assumpsit, for money paid, etc. Error to the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1899. Reversed. Opinion filed March 16, 1900.

WILLIAM A. SCHWARTZ and WILLIAM W. CLEMENS, attorneys for plaintiff in error.

GEORGE W. WALL and BENJAMIN W. POPE, attorneys for defendant in error.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This is an action of assumpsit, brought by the city of Du Quoin on the relation of S. G. Parks, a tax payer in said city, against Henry A. Keith, doing business under the name of Henry A. Keith. & Co., under section 172 of chapter 24, Hurd's R. S., 1899.

The facts are as follows: The fiscal year of the city of Du Quoin began August 1, 1897, and ended July 31, 1898. On September 18, 1897, the city passed an ordinance appropriating, among other items of expenditure, the sum of $3,500 for "water works." On February 2, 1898, the city passed an ordinance providing for the construction of a system of water works, pumping station, reservoir, etc. On February 11, 1898, the city entered into a contract with plaintiff in error for the construction of said water works, etc. The contract price was $13,486. Plaintiff in error performed work and furnished materials on said water works system, and on April 8, 1898, the city council audited certain bills presented by him, and issued to him a city warrant for the sum of $3,000, which was paid by the city.

Defendant in error claims that the contract of February 11, 1898, was *ultra vires* and void, and that therefore the money should be returned to the city, because paid out without authority of law. The case was tried by a jury, and a verdict for the sum of $3,000 was returned against the defendant below, on which judgment was rendered by the court, and the defendant has brought the case here by a writ of error for review.

It is unnecessary to notice the errors assigned in detail.

Sec. 2 of Art. 7, Chap. 24, of Hurd's R. S., 1899, provides that an appropriation bill shall be passed during the first quarter of the fiscal year, and that thereafter no further appropriation shall be made by the city, within such fiscal year.

Sec. 3 of said article provides that neither the city council, nor any officer of the city, shall add to the corporate expenditures in any one year, anything over and above the

amount provided for in the annual appropriation bill of that year; and that no expenditures for an improvement, to be paid out of the general fund of the corporation, shall exceed in any one year the amount provided for such improvement in the annual appropriation bill. To each of these sections there are certain exceptions not involved in this case.

Sec. 4 of said article 7 is as follows:

" No contract shall be hereafter made by the city council, or board of trustees, or any committee or member thereof, and no expense shall be incurred by any of the officers or departments of the corporation, whether the object of the expenditure shall have been ordered by the city council or board of trustees or not, unless an appropriation shall have been previously made concerning such expense, except as herein otherwise expressly provided."

By section 169 of said chapter 24, it is provided:

" The city council or board of trustees, shall have the power to provide for a supply of water by the boring and sinking of artesian wells,   *   *   *   and to borrow money therefor and to authorize any person or private corporation to construct and maintain the same."

By section 254 of said chapter, it is provided:

" That all cities, incorporated towns and villages in this State be and are hereby authorized and shall have power to provide for a supply of water for the purposes of fire protection, and for the use of the inhabitants of such cities, incorporated towns or villages, by the erection, construction and maintaining of a system of water works."

To this section there is a proviso that all contracts for the erection of such works shall be let to the lowest responsible bidder, after the publication of notices stating the terms and conditions of the contract.

It is contended by defendant in error that inasmuch as the appropriation was for the sum of $3,500, and the contract price was for several times that amount, therefore the contract is *ultra vires* and void, and that the $3,000 paid plaintiff in error was without authority of law.

The powers given to the city in reference to the construction of water works are very broad; as we view them, the city may itself construct the system, or it may contract with

Henry A. Keith & Co. v. City of Du Quoin.

some person to do that work for the city; it may grant a franchise to some person or corporation to build the works and to manage and control the water supply for its citizens. But while this is true, it must be held that sections 2, 3 and 4 of said article 7 are limitations placed upon the powers granted for the erection of water works, and in the expenditure of money for that purpose. The power to build these works is confided to the city council, and by the express terms of said sections, that body can make no contract larger than the money already appropriated. The contract of February 11, 1898, as a contract, must be deemed to be in violation of law, and therefore void. But by the passage of the appropriation ordinance of September 18, 1897, the city became clothed with the power to contract for the construction of water works to the extent of $3,500. If the contract as made is void, then it can not be maintained that the labor and material furnished by plaintiff in error was furnished under it; for it can not be said that there was no contract when plaintiff in error wants his money, and at the same time be said that there was a contract, and that plaintiff in error furnished his labor and material under it. This power to contract to the extent of the appropriation is in no way limited as to the manner of its exercise, and it must be held as in the case of an individual, that where the corporation has received labor and services, without any special promise to pay therefor, the law will imply a promise to pay for what it has so received to the extent of the appropriation. Bishop on Contracts, Sec. 219; 2 Beach on Contracts, Sec. 1140; City of East St. Louis v. East St. Louis Gas Light & Coke Co., 98 Ill. 415; Brown v. Atchison, 39 Kan. 37. It is one thing for a contract or other act to be *ultra vires* by reason of a total lack of power, and it is another thing for a contract or other act to be *ultra vires* by reason of an erroneous exercise of admitted powers. 27 Am. & Eng. Ency. of Law, p. 351. In the former case no rights accrue against the municipality, no matter what benefits may have been conferred upon it. Badger v. Inlet Drainage District, 141 Ill. 540. In the latter case, an executory

contract may be declared to be invalid before acted upon; but when work and materials have been furnished in reliance on the supposed contract, if the city can be said to have received the services under some lawful authority, aside from the void contract, such city will be liable. In this case, the city could lawfully have contracted for the erection of water works to the extent of $3,500, and when the city council audited and paid the $3,000 bill presented by plaintiff in error, it lawfully ratified a contract which it might have made in the first instance. In the case of Village of Harvey v. Wilson, 78 App. 544, the court went much further in declaring the contract valid, since in that case there was no appropriation ordinance as the basis of the services rendered. But the services rendered were in a *quo warranto* proceeding, involving the very life of the corporation, thereby creating an emergency, perhaps. Wiley v. Seattle, 7 Wash. 576. It was said in Maher v. City of Chicago, 38 Ill. 266 :

"If a municipal corporation, in dealing with individuals, assumes that it possesses certain corporate powers upon which the validity of its acts depend, and it turns out that it does not possess the specific powers relied on, it is not thereby excused from the performance of its obligations, if it can be performed through the agency of other powers that it does possess."

Here plaintiff in error furnished labor and materials under a contract void as made; but the city possessed the power of being bound by an implied contract, to the extent of the appropriation, for labor and materials so furnished; and to that power must be referred the action of the counsel in paying the $3,000 to plaintiff in error.

The court erred in not giving to the jury defendant's instruction to find for defendant, and for this error the judgment is reversed.