## City of Chicago v. The A. R. Beck Lumber Co.

1. CITIES AND VILLAGES — *When Not Bound by the Mistakes of Employes.*—Where a sidewalk is ordered to be built without authority, but through the mistake of an employe, delegated by the superintendent of streets, his action in so ordering the walk built does not operate to bind the city so as to render it liable to respond upon a *quantum valebant.*

Assumpsit, for labor and materials. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed January 24, 1901.

Statement.—Appellee contracted with appellant to build a plank sidewalk on the east and west side of Vincennes avenue, between Seventy-third and Seventy-fifth streets, for twenty-five cents per lineal foot. The contract provided that the work should be done in accordance with plans prepared and on file in the department of public works of the city of Chicago, and that " the whole of the work shall be commenced and carried on when and where the commissioner of public works shall direct." It is also provided by the terms of the contract that " It is understood and agreed that no claim whatever will be made by the said party of the first part (appellees) for extra work or material, or for a greater amount of money than is herein stipulated to be paid, unless some changes in or additions to said work requiring additional outlay by said party of the first part shall first have been ordered in writing by the commissioner of public works."

And it is also provided that appellee is " to make no claim against said city, in any event, except from the collec-

tions of the special assessments made or to be made for the said improvements; and to take all risk of the invalidity of any such special assessments; the said party of the second part not to be liable, in any event, by reason of the invalidity of said special assessments, or any of them, or of the proceeds therein, or failure to collect the same."

The city contracted to pay twenty-five cents per lineal foot for the work "when the special assessment or assessments levied or to be levied for the same shall be collected."

There are two public streets in the city of Chicago known as Vincennes avenue, one in the Town of Lake and one in the Town of Hyde Park. It appears that neither by ordinance nor by the terms of the contract was it designated which of these streets was the Vincennes avenue referred to, except by the plat filed in the office of the department of public works. The plans prepared and on file in the department of public works show the Vincennes avenue which was the subject-matter of the contract, to be a street running northeasterly by southwesterly. The evidence tended to show that this plat was examined by representatives of appellee.

The appellee requested the superintendent of the streets of the city of Chicago to point out the portion of the street upon which the work was to be done. That official sent a man to do this, and he staked out a portion of Vincennes avenue in the town of Hyde Park. Appellee built a walk at the place designated.

It is conceded by counsel for the parties that this was a mistake, and that the street upon which it was proposed to place the improvement shown by the plat was the Vincennes avenue located in the town of Lake. Appellee was informed of this mistake, and thereupon proceeded to build another walk, in accordance with the contract, upon Vincennes avenue in the town of Lake. An assessment was levied and collected to pay therefor, and from it appellee was paid for the construction of the walk in the town of Lake.

Appellee's counsel made the following statements at the trial:

" The trouble is, that at that time there were two Vincennes avenues; and we expect to prove that the plaintiff, under the direction of the city of Chicago, laid the sidewalk upon Vincennes avenue in the town of Hyde Park; that will be the first thing, and then after they were laid, the city made the claim that they had got on the wrong street and directed them to lay sidewalks on the Vincennes avenue in the town of Lake. They did that, and were paid for that work, and this suit is for the first work done." And, " We are willing to admit that the special assessment was levied and collected for the laying of sidewalks on Vincennes avenue in the town of Lake."

Appellee first filed a *narr.*, consisting only of the common counts, and afterward filed an additional special count, setting up the contract and alleging failure of the city to make, levy and collect a special assessment in accordance with the provisions of the contract.

The appellee recovered judgment for amount of walk built at price fixed by the contract.

From that judgment this appeal is prosecuted.

CHARLES M. WALKER, Corporation Counsel, and CLARENCE N. GOODWIN, Assistant Corporation Counsel, attorneys for appellant.

YOUNG, MAKEEL, BRADLEY & FRANK, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It seems clear that no recovery could be had upon the basis of the written contract, for it appears from the evidence and the admissions of counsel that an assessment was levied and collected to pay for the improvement upon the street in the town of Lake, according to the terms of the contract, and that appellee has been paid therefor upon the contract for the work done upon that street. So far as the written contract is concerned and the assessment which, according to its terms, was to be levied and collected, and from which appellee was to be paid the sum contracted for, it has been complied with and discharged.

City of Chicago v. A. R. Beck Lumber Co.

It is unnecessary to consider whether the appellee should, by its examination of the plans filed in the department of public works, have readily seen that the work provided for was upon the street running northeasterly and southwesterly in the town of Lake, and not upon the street of like name, running due north and south, in the town of Hyde Park; for in any event, it is admitted by the parties that the assessment was in fact levied and collected upon the ordinance which is the basis of the contract, to pay for the improvement in the town of Lake, and not for the improvement in the town of Hyde Park, and that from this assessment the appellee was paid upon its contract.

The question whether, if appellee had built no other walk, he might have insisted that the city was estopped from setting up that the walk was not built in accordance with the contract, does not arise, for the contract has been discharged and is out of the case by reason of the fact that appellee built another walk under its terms and has been paid for it, through assessment levied and collected, for the carrying out the contract.

We have, then, only to consider whether the appellee may recover for the work and materials used in constructing a plank walk upon Vincennes avenue in the town of Hyde Park, a matter entirely outside of the written contract, and for which no ordinance provided, but which was erroneously ordered done by one delegated by the superintendent of sidewalks of the city. It does not appear that the work was necessary or beneficial to the city. It does appear that it was ordered done through the error of an employe of the city, viz., a man delegated by the superintendent of streets. The question is, did his action in thus ordering the work done operate to bind the city so as to render it liable to respond upon a *quantum valebat.* We think not.

There are a number of decisions by the Supreme Court and by this court holding municipal corporations liable in instances where the corporation has received the benefit of labor or materials without any special contract to pay for

the same—the law implying a promise to pay for what has been received and enjoyed by the corporation. This doctrine has been confined to instances where the corporation has had the power to contract in a proper manner for the labor or material thus received, although it may not have followed the proper manner. Maher v. City, 38 Ill. 266; City v. E. St. L. G. L. & C. Co., 98 Ill. 415; Village of Harvey v. Wilson, 78 Ill. App. 544; Keith v. City, 89 Ill. App. 36.

In Badger v. Inlet D. Co., 141 Ill. 540, the Supreme Court said, in referring to the class of cases just noted:

"The doing of the thing in a proper way is a legitimate charge upon the revenues of the municipality, and so when it is done and is accepted and enjoyed by the municipality, the municipality gets what it had authority to get in a different way, and it should therefore pay for it what it would have had to pay had it got it in the right way."

In other cases where labor or materials have been furnished to a municipal corporation in a manner not authorized, and yet the municipality has had the power to contract for the same in a different manner, the municipality has been held upon the same doctrine of an estoppel, but differently expressed, as upon the ground that any positive acts by municipal officers which may have induced the action of the adverse party, and where it would be inequitable to permit the corporation to stultify itself by retracting what its officers had done, may work an estoppel. Sexton v. City, 107 Ill. 323; and City v. Sexton, 115 Ill. 230.

In these cases there is greater insistence than in the cases first above noted, upon the inequitable element in permitting a municipality to throw the loss caused by the act of an officer upon one in no way in fault, and who has been led by such act to furnish labor or materials to the municipality. But the decisions are all grounded upon the same doctrine of estoppel as their foundation, and in each will be found, in addition to the element of a misleading of the one party by some act of an officer of the other, the further element as well, of a benefit received and enjoyed by the corporation.

City of Chicago v. A. R. Beck Lumber Co.

Here there is no showing that the city needed any plank sidewalk at the place where it was placed by appellee through the mistake of appellant's employe. It does not appear that the city authorities had ever contemplated such a walk at that place. It can not be presumed that the construction of such a walk at that place through an error was of benefit to the city. There was evidence to show that there was a walk already constructed to the north and to the south of the place where the walk in question was built, but whether such walks were part of an improvement made or directed by the city, or merely improvements voluntarily made by the abutting property owners, does not appear.

There was also evidence tending to show that the city authorities, after discovering the mistake, ordered appellee to remove the walk in question and to place it upon the other Vincennes avenue. The mere fact that the city used that part of the public street as well after the walk had been constructed as before, is not controlling. The right to such use existed before the walk was improperly built there, and that right could not be limited by the building of the walk so as to make a mere subsequent and unavoidable use of it an appropriation of the walk. Morrell v. Dixfield, 30 Me. 157.

We think, therefore, that the facts of this case are clearly distinguishable from the facts of each of the cases above noted, in that there is here lacking the essential element of a benefit shown to have been received and enjoyed by the municipality. It is in effect conceded that the superintendent of streets of appellant had no power, without provision of ordinance, to enter into a valid contract for such street improvements. We are not willing to hold that he had power to bind the city by his mistake so as to make it liable when the city has not profited, so far as the evidence discloses, by such mistake.

The judgment is therefore reversed and the cause remanded.