## Silas W. Robinson v. Village of Park Ridge.

1. ORDINANCES—*Invalid, Where Not Conforming to the Statute.*— An ordinance which requires property owners to construct sidewalks for their property within ten days after publication thereof is invalid, when, under the law governing the ordinance, no limitation less than thirty days could be imposed.

2. CITIES AND VILLAGES—*Extent of Liability on a Contract for Work Done Under an Invalid Ordinance.*—Where an ordinance requiring a sidewalk to be constructed by special tax, and confining the contractor to the special tax for his pay, is void, and can by no possibility of amendment be made valid, a village having received the benefit of the work which it desired and had the power to have done by proceeding in a proper manner, should be held liable for the value of the work.

3. PLEADINGS—*Party May Authorize a Recovery by Stipulations.*— While no recovery may be had upon a contract which is invalid, a party, under the stipulations as to pleadings, may authorize a recovery if any right is shown.

Assumpsit.—Common counts. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1901. Reversed, and judgment in this court. Opinion filed March 6, 1902.

This action was brought in assumpsit by appellant to recover for constructing sidewalks in the Village of Park Ridge. The parties submitted a stipulation as to the facts in the case, waived a jury, and had trial of the issues by the court. The agreed facts are substantially as follows:

---

Appellee, the Village of Park Ridge, undertook to enact an ordinance for construction of sidewalks along a street of the village under the act of 1875. The ordinance enacted was invalid because it provided that all owners of land in question must construct the required sidewalk in front of their lands within ten days after date of publication. The act under which the ordinance was passed provides that owners of land shall have thirty days after publication of ordinances within which to construct the walks required. Rev, Stat. (S. & C. Ed.), Chap. 24, Sec. 430.

With the void ordinance as a foundation, appellee entered into a contract with appellant for construction of the sidewalks, confining appellant for his pay to the collection of a special tax. It then issued warrants after the work was done, also limiting the contractor to the special tax fund. Appellant constructed the sidewalks and they were accepted by the village. For the work so done appellant received eleven warrants, the total face value of which was $3,235.82. These warrants, which bore interest at six per cent, contained a clause by which the contractor relinquished all claim against the village for the work in payment of which the warrant was given, except from the collection of the special tax therein provided for. An effort was made by the village to levy and collect special tax with which to pay for said sidewalk, and it succeeded in collecting from owners of adjacent property a total of $647.16, which sum was paid over and indorsed on the warrants, so that on December 10, 1896, there remained a balance of $2,968.85 due the contractor for his work. Other property owners having failed to pay the tax levied against their property, application was made by the village to the County Court for judgment against them. To this application objections were filed on the ground that the ordinance was wholly void because it did not comply with the law. Upon hearing by the court on July 19, 1895, all of the objections were sustained and judgment against the objectors was refused. Thereupon an effort was made by the Village of Park Ridge, on August 6, 1895, to pass an ordinance for

the purpose of amending the former ordinance and for the collection of a special assessment, by means of which to pay for the sidewalk already constructed.   According to its terms this ordinance was passed under the city and village act of April, 1872.   An assessment roll was filed in the County Court on October 29, 1895, with a petition asking that it be confirmed; to which objections were again filed. These objections remained undisposed of until November 7, 1899, and no other or further steps were taken in the meantime by said village to collect either said special tax or special assessment.   On said last mentioned date all the objections were sustained by the County Court and the petition dismissed.   This suit was then brought by appellant, the contractor.   In the stipulation as to the facts, it is provided that the pleadings filed in the case shall be taken as sufficient to allow either party to set up any claim or defense not inconsistent with the facts agreed to.

Upon hearing, the trial court entered a finding and judgment in favor of the defendant, from which judgment this appeal is prosecuted.

CHARLES H. BALDWIN, attorney for appellant.

W. P. BLACK and JOSEPH A. PHELPS, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellant's contention is, that as the original ordinance was void and incapable of amendment, and as the work was completed before a new and valid ordinance was passed, it is impossible for appellee now to pay for this work by special tax or special assessment; that the contract by which the contractor is confined for his pay for the work done to the collection of a special tax, is both impossible of performance and is based upon an ordinance which is invalid, and therefore can not be enforced; that inasmuch as appellant has completely performed his part of the contract, appellee can not escape payment because of its inability to perform in the manner contemplated; that the law will compel

the village, it having received and enjoyed the benefit of appellant's work, done at its request, to pay for it.

Appellee contends that because the bid of appellant for the work was made in contemplation of the ordinance, and because the contract sets out the ordinance in full as the basis of the agreement, and because the contract provides that appellant shall make no claim against the village except from the collection from special taxes, and shall assume all the risk of invalidity of the proceedings or of invalidity of the special tax, or of a failure to collect the same, therefore appellant can not, by this suit, enforce a payment in a different manner. In this connection it is also urged that the acceptance of the warrants in payment is a satisfaction of appellant's claim. Upon receiving the warrants the appellant signed a receipt which is in part as follows :

"In consideration of the issuing of this voucher I hereby for myself, heirs, executors, administrators and assigns, accept the same in full payment of the amount herein stated, and relinquish any and all claims or liens I may have against the Village of Park Ridge for the work mentioned herein, or for the payment of this voucher, except from the collection of the installment herein named."

Some stress is also laid upon the fact that effort was made by the village authorities to have the appellant or his attorney suggest some measure by which the village could recover, for the benefit of the holders of the warrants, the amount which it was thought the property owners should pay for the benefits of the improvement.

It is not disputed but that the ordinance of the Village of Park Ridge which provided for the building of the sidewalks in question was invalid by reason of its provision requiring property owners to construct the sidewalks for their property within ten days after publication, when, under the law governing the ordinance, no limitation of less than thirty days could be imposed. Rev. Stat. (S. & C. Ed.), Chap. 24, Sec. 430.

It is also clear that this invalid ordinance could not be aided by further action of the village board. After the

work had been done by appellant under his contract with the village, there was no way by which the cost of the improvement could thereafter be imposed upon the property specially benefited. Weld v. People, 149 Ill. 257.

The question presented is whether, in case such an ordinance providing for such work is wholly void and incapable of amendment, and when, therefore, the cost of the improvement can not be imposed upon the property owners who are benefited, the contractor who has performed the work under agreement with the municipality to look to the proceeds of the special tax for his pay, is to lose his labor and materials, or may enforce payment therefor from the municipality.

We are of opinion that under these facts appellant is not precluded from asserting his claim. The work was such as the village had power to contract for in a proper manner. It has simply secured from appellant in an irregular manner, that which it might, within its powers, have obtained in a regular and proper manner. If it were now possible by further proceeding to collect the cost in the manner contemplated by the village in undertaking the work, then it might be held that until such further proceeding was had, appellant could assert no claim. But here it is not so possible. The agreement of appellant in effect limits him to the special tax for his pay. But the statute under which the attempted ordinance was passed makes no provision for letting the contract and confining the contractor to the assessment for payment. And when it appears, as here, that it has become impossible through the action of the village that he can ever be thus paid, the law will not therefore preclude him from otherwise collecting the amount due him, in so far as the municipality has accepted and benefited from his work. Maher v. City, 38 Ill. 266; City v. People, 56 Ill. 327; City of E. St. Louis v. The E. St. L. G. L. & C. Co., 98 Ill. 415; Foster v. City, 173 Ill. 587; City v. A. R. Beck L. Co., 93 Ill. App. 70.

In the Maher case, *supra*, the city had no right, under its charter, to levy a special assessment for the purpose contemplated, and the attempt was void. The court there

held that upon the state of facts disclosed " the law implies a contract on the part of the city to pay for the value of the labor performed."

In City v. People, *supra*, the city had, by contract, exempted a railway company from the assessment. The contractor having performed his work, the court held that the city was liable, although part of the assessment could not be collected, and although the contractor had agreed to look to the assessment only, for payment.

The Foster case, *supra*, is carefully distinguished from the two preceding cases, and the court in that case said :

" When there is an attempted ordinance which is absolutely void, there is no ordinance at the time the work is done. But that is not the case here. The defect was not one which the city could not cure, but it could be remedied by amendment and the ordinance made perfect, so that a new and valid assessment could be levied."

In this case the ordinance being void, and there being no possibility of amendment by which it could be made valid, and the village having received the benefit of work which it had desired to have done and had power to have done by proceeding in a proper manner, we are of opinion that it should be held liable for the value of such work.

The receipt of the warrants should not be allowed to preclude a recovery here, for the warrants are absolutely worthless.

It is true that no recovery could be had in this case upon the contract, but under the stipulation as to pleadings a recovery may be had if any right is shown.

The contention of the learned counsel for appellee could only rest upon the hypothesis that there could have been a valid ordinance enacted by amendment after the work sued for had been done, by which its cost could have been legally imposed upon property benefited. Such not being the case, the contention fails.

It was stipulated that on December 10, 1896, the balance due to appellant for the construction of the sidewalk was $2,968.85. The trial below was by the court without a jury, the right to trial by jury having been waived. We

shall therefore reverse the judgment of the Superior Court and enter judgment here for the amount shown by the stipulation to be due, viz., $2,968.85. Reversed, and judgment in this court.